UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS ALBERTO MENDOZA CEDENO * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> WESLING, et al., * <br> * <br> Defendants. * | Civil Action No. 1:26-cv-10974-IT |

MEMORANDUM & ORDER

March 3, 2026

TALWANI, D.J.

Petitioner Luis Alberto Mendoza Cedeño is a Dominican national residing in Massachusetts. Pet. ¶¶ 2, 12 [Doc. No. 1]. On or about October 4, 2024, Petitioner entered the United States and was detained by immigration officials. Id. ¶ 2; Pet. Ex. 1 [Doc. No. 1-1]. On November 14, 2024, DHS granted Petitioner parole, valid for one year, pursuant to Section 212(d)(5)(A) of the Immigration and Nationality Act. Pet. Ex. 2 [Doc. No. 1-2]. Within one year of entry, Petitioner filed an application for asylum. Pet. Ex. 3. [Doc. No. 1-3].

On January 13, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner during his ICE check-in at the Burlington Field Office. Pet. ¶ 5 [Doc. No. 1]. He was subsequently transferred to Plymouth County Correctional Facility. Id. Petitioner alleges that ICE "did not communicate any basis to [Petitioner] for its decision to change his custody status" and that, "[u]pon information and belief, ICE has not notified him that it considers him a flight risk or danger to the community." Id. ¶ 6.

On February 24, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that when DHS detained Petitioner after granting him parole it violated 8 U.S.C. § 1182(d)(5)(A), Petitioner's Fifth Amendment right to due process, and 8 U.S.C.

§ 1226(a). Id. ¶¶ 47–68. Petitioner requests that this court "order[] Respondents to release [Petitioner] immediately, or, in the alternative, provide [Petitioner] with a bond hearing and order [Petitioner's] release on conditions the Court deems just and proper[.]" Id. at ECF 15.

In response, Respondents contend that "the legal issues presented in this Petition are similar to those recently addressed by this Court in [Roldan v. Moniz, No. 1:26-CV-10017-IT, 2026 WL 161552 (D. Mass. Jan. 21, 2026)]." Resp. to Habeas Pet. 1 [Doc. No. 6]. Respondents further note that "[s]hould the Court follow its reasoning in Roldan, it would reach the same result here." Id.

Roldan concerned the detention of a petitioner who, as in this case, was paroled into the United States and whose parole had since expired. Roldan, 2026 WL 161552, at *1. This court held that a "protected liberty interest arose when Respondents released Petitioner on parole" and consequently that the petitioner was due "some measure of process before being 'deprived of ... [his] liberty[.]'" Id. at *2 (citing U.S. Const. amend. V.). Accordingly, this court determined that petitioner's detention without a bond hearing violated his due process rights and ordered that petitioner be granted a bond hearing. Id. at *3.

The court finds the reasoning in Roldan remains correct. Having been granted parole previously, Petitioner has a protected liberty interest and is entitled to a bond hearing.

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED. Petitioner must be provided a bond hearing no later than March 10, 2026, or, if the immigration judge declines to conduct a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

March 3, 2026                              /s/ Indira Talwani
                                           United States District Judge